IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHISHA MORALES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KLOECKNER PREFERRED | ) |
| FLOWERS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Ahisha Morales, by and through her attorneys, Becerra Law Group, LLC, for her Complaint against Kloeckner Preferred Flowers, Inc. (herein "Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Chicago Minimum Wage Ordinance ("CMWO"), for Defendant's failure to pay Plaintiff minimum wages at the rate prescribed by the City of Chicago and overtime wages at a rate of one- and one-half times her regular rate. Defendant also violated the Illinois Biometric Information Privacy, Act, 740 ILCS 14/1, *et seq.* ("IBIPA") based on Defendant's unlawful collection, storage, and use of Plaintiff' biometric identifiers and/ or biometric information without providing adequate written notice or obtaining informed written consent.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Ahisha Morales resides and is domiciled in this judicial district.

5. Plaintiff Ahisha Morales was employed by Defendant in this judicial district.

6. While employed by Defendant, Plaintiff Ahisha Morales handled materials such as vases and scissors that were not manufactured in the state of Illinois.

7. While employed by Defendant, Plaintiff Ahisha Morales handled goods such as flowers and plants that was not manufactured or produced in the state of Illinois.

8. During her employment, Plaintiff Ahisha Morales handled goods and materials that moved in interstate commerce.

9. During her employment, Plaintiff Ahisha Morales performed non-exempt work.

10. Defendant is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11. Upon information and belief, during the last three years Defendant had annual gross volume of sales made or business done that has exceeded $500,000 exclusive of excise taxes.

12. Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

13. Defendant is a florist shop that is located at 3214 West 55th Street in Chicago, Illinois.

14. Plaintiff was employed by Defendant in the three years prior to the filing of this lawsuit.

15. Plaintiff was separated from her employment with Defendant on February 24, 2023.

16. Plaintiff was a driver who delivered floral arrangements to Defendant's customers.

17. Plaintiff was also tasked with cutting flowers, moving boxes, putting flowers in water, and setting up vases.

18. Throughout her employment with the Defendant, Plaintiff was routinely required to work more than 40 hours per week by Defendant, but Defendant failed and refused to pay her the overtime premium rate of one- and one-half times her regular rate for all hours worked in excess of 40 from April 2019 to July 2020.

19. Defendant was aware of its obligation to pay overtime wages at one and one half times an employee's regular rate as it paid Plaintiff overtime wages at other times in her tenure with the company.

20. For example, Plaintiff worked 62.8 hours for the workweek ending on April 30, 2020 and was paid $628.00. She was paid an hourly rate of $10.00 per hour during this pay period.

21. For the pay period ending on May 23, 2019, Plaintiff was paid an hourly rate of $10.00 per hour, she worked 54.6 hours, and was paid $546.00.

22. The City of Chicago Minimum Wage for employers with more than three employees but less than 21 employees in 2020 was $13.00.

23. Since August 2020, Plaintiff was required by Defendant to punch in and out of

work like other hourly employees. She was required to have her fingerprint and/ or palm print collected and/ or captured for the ostensible purpose(s) of time tracking, recording attendance, and/ or authentication.

24. Defendant failed to maintain or publicize information about its biometric practices or policies; and failed to provide Plaintiff with information about its policies and practices.

25. Defendant directed and controlled the installation and implementation of the biometric scanners at its store.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

26. Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of her Complaint, as if fully set forth herein.

27. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay overtime wages to Plaintiff.

28. Plaintiff worked for Defendant and was Defendant's "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

29. Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30. During her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Plaintiff was directed by Defendant to work, and did work, in excess of 40 hours per week.

32. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

33. Defendant did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of 40 hours in individual workweeks.

34. Defendant's failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

35. Defendant's failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's wage rate in weeks where she worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

36. Plaintiff hereby realleges and incorporates paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

38. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

39. At all relevant times herein, Defendant was Plaintiff's "employer" as defined in the

Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendant's "employee" within the meaning of that Act.

40. During her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

41. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

42. Defendant failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

43. Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS;

C. Reasonable attorney fees and costs incurred in filing ther action; and

D. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the City of Chicago Minimum Wage Ordinance –Failure to pay the City of Chicago minimum wage rate

44. Plaintiff hereby realleges and incorporates paragraphs 1 through 43 of this Complaint, as if fully set forth herein.

45. This count arises from Defendant's failure to pay Plaintiff the City of Chicago

minimum wage rate.

46. Plaintiff was entitled to be paid at least the City of Chicago minimum wage rate for all time worked.

47. Pursuant to CMWO Ch.6-105, § 110, Plaintiff is entitled to recover wages plus treble damages.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of the difference between what Plaintiff was paid and the City of Chicago minimum wage rate;

B. Treble damages pursuant to the formula set forth in CMWO Ch.6-105, § 110;

C. Reasonable attorney fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
**Violation of the Illinois Biometric Information Privacy Act –Failure to comply**

48. Plaintiff hereby realleges and incorporates paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49. IBIPA is simply an informed consent statute, which mandates that entities wishing to collect, store, and/ or use biometric information must put in place certain reasonable safeguard to protect individuals' privacy. *See* 740 ILCS 14/15.

50. Defendant failed to comply with IBIPA mandates, thus committing at least four distinct violations of BIPA § 15(a) and § 15(b) with respect to Plaintiff.

51. Defendant violated 740 ILCS 14/15(a) by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifies and biometric information it collected from Plaintiff.

52. Defendant violated 740 ILCS 14/15(b)(1) by failing to inform Plaintiff in writing that her biometric identifiers and/ or biometric information was being collected and stored.

53. Defendant violated 740 ILCS 14/15(b)(2) by failing to inform Plaintiff in writing of the specific purpose and length of term for which their biometric identifiers and/ or biometric information was being collected, stored, and/ or used.

54. Defendant violated 740 ILCS 14/15(b)(3) by failing to obtain written releases from Plaintiff before it collected, used, and/ or stored their biometric identifiers and biometric information.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. Awarding Plaintiff statutory damages under IBIPA, pursuant to 740 ILCS 14/20;

B. Reasonable attorney fees and costs incurred in filing this action; and

C. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated:  March 2, 2023         **AHISHA MORALES**

By:  /s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@becerralawgroup.com